UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ETOPUS TECHNOLOGY, INC.,

    Plaintiff,

v.

HANLI LIU,

    Defendant.

Case No. 23-cv-06594-HSG

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 12

The Court is in receipt of Plaintiff's Ex Parte Application for Temporary Restraining Order ("TRO"), as well as Defendant's opposition. *See* Dkt. Nos. 12, 14. As a preliminary matter, the Court observes that the application "seeks immediate access to all of Defendant's computers, external hard drives, and all other electronic devices onto which he might have transferred files that were and are the property of Plaintiff." Dkt. No. 12 at 2. This type of blanket request for what amounts to wholesale seizure of all of Defendant's electronic storage media, including his personal cell phone and personal computers, strikes the Court as very likely overbroad, unduly intrusive and unjustifiable under the circumstances presented.

Moreover, in his opposition, Defendant contends that this dispute arises from his inadvertent downloading of his employer's information onto two storage devices and his personal computers. Dkt. No. 14 at 4. Defendant elaborates as follows:

> Upon discovery of this error, [Defendant] turned over the two storage devices to Plaintiff employer and deleted all information of Plaintiff from his personal computers. Although Defendant has been honest and forthcoming with Plaintiff and has informed Plaintiff that he no longer possesses Plaintiff's information, Plaintiff repeatedly demands Defendant to provide all of his personal electronic devices, including his cell phone. As Defendant agrees to enter into a stipulated injunction not to share or use Plaintiff's trade secrets, is willing to cooperate with Plaintiff, to the extent its demands are reasonable, and

>that Plaintiff does not offer any facts to support its speculations that Defendant will share or use its trade secrets, a TRO is a wholly inappropriate means to address this dispute.

*Id.*

Given these representations, the Court hereby DIRECTS Plaintiff to show cause by 5:00 p.m. on Monday, February 26, 2024, why the TRO application should not be denied, at a minimum, for seeking an unjustifiably overbroad order. The Court further ORDERS the parties to meet and confer immediately and engage in reasonable, good faith efforts to agree on appropriate *targeted* conditions to preserve the status quo (which is the sole proper purpose of a TRO) pending resolution of the underlying lawsuit. As part of this process, the parties must make genuine and good faith efforts to agree on the terms of a reasonable stipulated injunction along the lines Defendant says he has proposed. If the parties do not resolve the dispute before Plaintiff's OSC response is due on Monday, the TRO application will be taken under submission without a hearing once that filing is made unless otherwise ordered.

**IT IS SO ORDERED.**

Dated:  2/23/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge