James Cai (#200189)
jcai@sacattorneys.com
Brian A. Barnhorst (#130292)
bbarnhorst@sacattorneys.com
**SAC ATTORNEYS LLP**
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Plaintiff, **eTopus Technology, Inc.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETOPUS TECHNOLOGY, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> HANLI LIU, an individual, <br><br> Defendant. | Case No.: 4:23-cv-06594-HSG <br><br> **ORDER ON STIPULATION** |

The Court, having considered the stipulation by and between the parties, and good cause appearing therefor, now orders as follows:

1. Defendant Hanli Liu shall not share any of Plaintiff's confidential and trade secret information (the "Confidential Information") with any third party, including without limitation Xi Liu, Xin Zhi Yuan (Shanghai) Technology Ltd., San Ya Xin Zhi Yuan No. 1, San Ya Fu Guang Lin, Hong Yin, or Zheng Wang.

2. Defendant Hanli Liu shall not use any Confidential Information of Plaintiff for his own purposes or for the benefit of any third party.

3. Defendant Hanli Liu shall allow Plaintiff's expert, Berkeley Research Group and its subcontractor(s) (collectively ("BRG")), to access Plaintiff's Dropbox and Baidu accounts for forensic analysis, subject to the Northern District of California Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets appended hereto. Plaintiff understands that these accounts contain Defendant's and his family's sensitive personal information. BRG agrees that it will not grant access to Defendant's Dropbox and Baidu accounts to Plaintiff, any of its employees or consultants, or its counsel and will not share with Plaintiff, any of its employees or consultants, or its counsel, any documents or files from Defendant's Dropbox and Baidu accounts that are not related to the Confidential Information or any unauthorized disclosure or misappropriation of it. See the Northern District of California Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets appended hereto.

4. Defendant shall allow BRG access to two of his personal computers, onto which he inadvertently downloaded Plaintiff's Confidential Information, for forensic analysis, subject to the Northern District of California Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets appended hereto. To that end, a representative

of BRG will go to Defendant's home and remove the hard drive(s) from Defendant's desktop computer, and will ship the hard drive(s) along with Defendant's laptop computer to BRG's office in Dallas, TX. After imaging them, BRG will ship the hard drive(s) and Defendant's laptop computer back to Defendant's home within 30 days of BRG's visiting Defendant's home. BRG shall arrange for the shipments to and from its Dallas office to be insured for a declared value of $10,000.

5.  BRG shall not share with Plaintiff, any of its employees or consultants, or its counsel, any of the personal computers or external storage devices, and shall not share with Plaintiff, any of its employees or consultants, or its counsel, any documents or files that are not Confidential Information or any unauthorized duplication, disclosure or misappropriation of it. See the Northern District of California Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets appended hereto.

IT IS SO ORDERED.

Dated: 3/5/2024

_____
Hon. Haywood S. Gilliam, Jr.
U.S. District Court Judge