James Cai (#200189)
jcai@sacattorneys.com
Brian A. Barnhorst (#130292)
bbarnhorst@sacattorneys.com
**SAC ATTORNEYS LLP**
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Plaintiff, **eTopus Technology, Inc.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETOPUS TECHNOLOGY, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>HANLI LIU, an individual,<br><br>                    Defendant. | Case No.: 4:23-cv-06594-HSG<br><br>**STIPULATION AND PERMANENT INJUNCTION** |

Plaintiff, ETOPUS TECHNOLOGY, INC. ("Plaintiff" or "ETOPUS"), and Defendant, HANLI LIU ("Defendant" or "LIU"), by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, Plaintiff has filed the instant action against LIU, alleging that LIU improperly accessed and retained Plaintiff's confidential and trade secret information (the "Confidential Information"); and

WHEREAS LIU denies any wrongdoing as alleged in the complaint herein; and

WHEREAS, pursuant to a prior stipulated protective order (the "Order"), LIU was ordered not to share any Confidential Information with any third party, including without limitation Xi Liu, Xin Zhi Yuan (Shanghai) Technology Ltd., San Ya Xin Zhi Yuan No. 1, San Ya Fu Guang Lin, Hong Yin, or Zheng Wang; and

WHEREAS, pursuant to the Order, LIU was ordered not to use any Confidential Information of Plaintiff for his own purposes or for the benefit of any third party; and

WHEREAS, pursuant to the Order, LIU was ordered to allow Plaintiff's expert, Berkeley Research Group and its subcontractor(s) (collectively ("BRG")), to access Plaintiff's Dropbox and Baidu accounts for forensic analysis, subject to the Northern District of California Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets; and

WHEREAS, pursuant to the Order, LIU was ordered to allow BRG access to two of his personal computers, onto which he had allegedly inadvertently downloaded Plaintiff's Confidential Information, for forensic analysis, subject to the Northern District of California Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets; and

WHEREAS, pursuant to the Order and the Northern District of California Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets, BRG was ordered not to share with Plaintiff, any of its employees or consultants, or its counsel, any of the personal computers or external storage devices, and not to share with Plaintiff, any of its employees or consultants, or its counsel, any documents or files

that are not Confidential Information or any unauthorized duplication, disclosure or misappropriation of it; and

WHEREAS, pursuant to a separate order issued by Magistrate Judge Kang (the "Discovery Order"), LIU was ordered to allow a forensic expert of his choosing access to five thumb drives; and

WHEREAS LIU complied with the Order and the Discovery Order; and

WHEREAS neither the forensic analysis conducted by BRG nor the analysis conducted by LIU's forensic expert, Morae Global Corporation, revealed any Confidential Information on any of the computers or devices; and

WHEREAS Plaintiff is prepared to dismiss this action with prejudice if LIU will enter into a permanent injunction as set forth below and if the Court retains jurisdiction to enforce the injunction as necessary; and

WHEREAS LIU is willing to enter into such a permanent injunction;

NOW, THEREFORE, Plaintiff and Defendant stipulate and agree as follows:

1. Defendant represents and warrants that any downloading of Confidential Information by him was inadvertent; that any such Confidential Information was downloaded only onto two storage devices and his personal computers; and that, upon discovery of this error, Defendant turned over the two storage devices to Plaintiff and deleted all Confidential Information from his personal computers.

2. Defendant further represents and warrants that he did not and will not upload to or store on any cloud-based platform, including but not limited to Dropbox and Baidu, any of Plaintiff's Confidential Information.

3. Defendant further represents and warrants that he did not and does not have any business relationship with Xi Liu, Xin Zhi Yuan (Shanghai) Technology Ltd., San Ya Xin Zhi Yuan No. 1, San Ya Fu Guang Lin, Hong Yin, or Zheng Wang.

4. Defendant further represents and warrants that he has not shared, and will not share, any Confidential Information with any third party, including without

limitation Xi Liu, Xin Zhi Yuan (Shanghai) Technology Ltd., San Ya Xin Zhi Yuan No. 1, San Ya Fu Guang Lin, Hong Yin, or Zheng Wang.

5. Defendant further represents and warrants that he has not used, and will not use, any Confidential Information for his own purposes or for the benefit of any third party.

6. Plaintiff represents and warrants that, pursuant to the Order and the Discovery Order, Plaintiff has not had access to any personal information related to LIU or his family, and will not seek access to such information in the future.

7. The above-captioned action will be dismissed within five court days of the Court entering the order putting in place the permanent injunction, either by Plaintiff or by order of the Court.

8. Each party shall bear their own respective fees and costs incurred herein.

9. The Court shall retain jurisdiction to enforce the injunction as necessary.

Date: August 21, 2024            SAC Attorneys LLP

/s/ Brian A. Barnhorst
James Cai, Esq.
Brian A. Barnhorst, Esq.
Attorneys for Plaintiff, ETOPUS TECHNOLOGY, INC.

Date: August 21, 2024            Zhang Law Group

/s/ Bing Zhang Ryan
Bing Zhang Ryan, Esq.
Attorneys for Defendant, HANLI LIU

**ORDER**

The Court, having considered the foregoing stipulation of the parties, and good cause appearing therefor, now orders as follows:

1. Defendant Hanli Liu is permanently enjoined from sharing any Confidential Information with any third party, including without limitation Xi Liu, Xin Zhi Yuan (Shanghai) Technology Ltd., San Ya Xin Zhi Yuan No. 1, San Ya Fu Guang Lin, Hong Yin, or Zheng Wang.

2. Defendant Hanli Liu is permanently enjoined from using any Confidential Information for his own purposes or for the benefit of any third party.

3. Plaintiff is permanently enjoined from seeking access to any personal information related to Defendant Liu or his family that might have been obtained by BRG as part of its forensic analysis.

4. The above-captioned action shall be dismissed with prejudice.

5. Each party shall bear their own respective fees and costs incurred herein.

6. The Court shall retain jurisdiction to enforce the injunction as necessary.

IT IS SO ORDERED.

Dated: 8/26/2024

Hon. Haywood S. Gilliam, Jr.
U.S. District Court Judge